UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORRAINE ARNOLD,<br><br>                    Plaintiff,<br>v.<br>CLARK COUNTY SCHOOL DISTRICT,<br><br>                    Defendant. | Case No. 2:14-cv-00805-JAD-PAL<br><br>ORDER |

The court conducted a hearing on May 19, 2015, at 10:00 a.m. Lorraine Arnold appeared pro se, and Scott Greenberg appeared on behalf of Defendant.

In a prior Order (Dkt. #35), entered April 8, 2015, the court granted the Motion to Withdraw filed by Plaintiff's counsel, and gave Ms. Arnold until May 4, 2015, in which to retain substitute counsel or file a notice with the court that she would be appearing in this matter pro se, that is, representing herself. Ms. Arnold filed a Motion to Extend Time (Dkt. #37) indicating that she had been unable to get another attorney because she had been ill, and requested additional time. CCSD responded to the motion by requesting a discovery conference on an emergency basis because the discovery cutoff was May 15, 2015. Additionally, Ms. Arnold failed to appear for her scheduled deposition, and CCSD had a pending motion for sanctions which seeks to dismiss this case for her failure to appear for her deposition.

At the hearing, Ms. Arnold stated that she had been in contact with an attorney and was hoping to hear later in the week whether he would accept her case. The court advised Plaintiff that she must make additional efforts to secure counsel if the attorney she contacted would not agree to represent her and suggested she contact Clark County Lawyer Referral Service in addition to the Nevada State Bar. Ms. Arnold also indicated that she had a friend who was attempting to contact lawyers on her behalf to secure representation. The court advised Ms.

Arnold that she would be given a final thirty-day extension to attempt to obtain counsel. However, if she was unable to find a lawyer within this timeframe, she would be responsible for representing herself and getting this case prepared for resolution.

The court also advised Ms. Arnold that the motion for sanctions had been filed by the school district because she failed to attend a deposition that was noticed before her counsel was allowed to withdraw. Ms. Arnold advised the court and Mr. Greenberg that she was not aware that the deposition had been scheduled. The court advised Ms. Arnold that she would be required to appear for her deposition and answer questions under oath whether or not she was represented by counsel. Ms. Arnold acknowledged she understood this was her responsibility and agreed to appear for deposition.

The court denied Clark County's Motion for Sanctions (Dkt. #36), but ordered Plaintiff to appear for her deposition within the next sixty days. The court will also adjust the discovery plan and scheduling order deadlines to give Plaintiff one last opportunity to retain counsel, and for the parties to prepare this case for trial.

**IT IS ORDERED** that:

1. The Clark County School District's Motion for Sanctions Pursuant to Rule 37(d) for Failure to Attend Plaintiff's Deposition (Dkt. #36) is **DENIED**.
2. Plaintiff shall have until **June 19, 2015,** in which to retain counsel who shall make an appearance in this action in accordance with the Local Rules of Practice. If Plaintiff has been unable to retain counsel by June 19, 2015 the court will treat Plaintiff as appearing pro se, that is, representing herself.
3. The discovery cutoff is extended until **July 20, 2015**.
4. Plaintiff shall appear for a duly noticed deposition on a mutually convenient date and time between June 22, 20215, and July 20, 2015. Plaintiff is warned that failure to appear for her deposition may result in the imposition of sanctions up to and including a recommendation to the district judge that her complaint be dismissed for her failure to comply with her discovery obligations, and this court's order.
5. The deadline for filing dispositive motions is extended until **August 17, 2015.**

6. The deadline for filing the joint pretrial order is extended until **September 16, 2015.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

7. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

DATED this 21st day of May, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE